[831 NYS2d 471]

In the Matter of JOHN R. KELLIGREW, an Attorney, Resignor.

Second Department, March 6, 2007

**APPEARANCES OF COUNSEL**

*Edward I. Sumber*, Carmel, for resignor.

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

John R. Kelligrew has submitted an affidavit dated September 18, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Kelligrew was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on November 15, 1962.

Mr. Kelligrew avers that he has reviewed his resignation with his attorney and that it is being proffered voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including being barred by Judiciary Law § 90 and the Court rules (22 NYCRR 691.11 [a]) from seeking reinstatement for at least seven years. Mr. Kelligrew acknowledges that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct based upon two complaints filed against him.

The Grievance Committee's investigation revealed, and Mr. Kelligrew conceded, that he failed to maintain required bookkeeping records of his attorney operating and escrow accounts, and used an ATM card to make cash withdrawals from his attorney escrow account. In addition, he retained personal funds in a corporate bank account in order to conceal those funds and shield them from execution by lienholders.

Mr. Kelligrew acknowledges his inability to successfully defend himself on the merits against such charges. He affirms that, effective immediately, he will not take on any new clients or accept any retainers for future legal services. He will promptly notify all clients, opposing counsel, and courts of his submitted resignation and the need for his immediate relief as counsel. Mr. Kelligrew also avers that he will promptly disburse all funds held in his escrow account on behalf of clients or other third parties entitled to their receipt and will cease any other activity in that account.

Mr. Kelligrew is aware that the Court, in an order permitting him to resign, could require him to make monetary restitution to any persons whose money or property may have been misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation. Inasmuch as it complies with all pertinent Court

rules, it is accepted, and effective immediately, John R. Kelligrew is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, John R. Kelligrew is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John R. Kelligrew shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John R. Kelligrew is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if John R. Kelligrew has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).